UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, <br><br> Petitioner, <br><br> v. <br><br> UHS of Fuller, Inc./UHS of Delaware, Inc. <br><br> Respondents. | Civil Action No. 19-12490 |

### PETITION FOR ENFORCEMENT OF ADMINISTATIVE SUBPOENA DUCES TECUM

The Secretary of Labor brings this action under Section 8(b) of the Occupational Safety and Health Act of 1970 ("OSH Act"), 29 U.S.C. § 657(b), to enforce a subpoena duces tecum ("Subpoena"). The United States Department of Labor's Occupational Safety and Health Administration ("OSHA") issued the Subpoena as part of an ongoing safety and health investigation of Respondents UHS of Fuller, Inc. ("UHS-Fuller") and UHS of Delaware, Inc. ("UHS-DE"). Ex. A, ¶¶ 1-5; Ex. B, ¶¶ 3-4; Ex. C, ¶¶ 4-6.[1] Respondents have failed to provide any documents in response to the Subpoena. The Secretary finds it necessary to enforce the Subpoena in order to prevent the loss of crucial evidence in future litigation.

OSHA commenced this investigation after receiving a complaint about workplace violence at UHS-Fuller doing business as Fuller Hospital in Attleboro, Massachusetts. Since

---

[1] Exhibits A, B, and C refer respectively to the supporting Declarations of: (a) Galen Blanton, Regional Administrator, OSHA Region 1; (b) James Mulligan, Area Director, OSHA Boston South Area Office; and (c) Maria Lisa Abundo, Assistant Area Director, OSHA Boston South Area Office. Exhibits D – L refer to additional exhibits submitted in further support of this Petition.

Respondents have refused to produce the highly relevant documents requested, the Secretary now brings this Petition.

In support of this Petition, the Secretary states as follows:

### Section 8(b)

1. Section 8(b) of the OSH Act confers the power on the Secretary to "require the attendance and testimony of witnesses and the production of evidence under oath." 29 U.S.C. § 657(b). Section 8(b) states that, if a company fails to obey a requirement to testify or produce documents, the Secretary may apply to the district courts of the United States for an order requiring that company to appear to testify or to produce evidence. Id. Section 8(b) further states that "any failure to obey such order of the court may be punished by said court as a contempt thereof." Id.

### Background

2. On May 3, 2019, OSHA received a complaint concerning exposure of staff at UHS-Fuller to the hazards of workplace violence, including assault of staff members by patients. Ex. C, ¶ 2.

3. UHS-Fuller is a behavioral health services company doing business as Fuller Hospital, located at 200 May Street, Attleboro, Massachusetts.

4. UHS-Fuller is a subsidiary of UHS-DE.

5. UHS-Fuller and UHS-DE are both subsidiaries of Universal Health Services.

6. In the past five years, numerous Universal Health Services subsidiaries have received OSHA Citations under section 5(a)(1) of the Occupational Safety and Health Act for exposure of workers to the hazard of workplace violence, in the form of assault of staff by patients.

7. UHS-DE is a hospital management company that manages operations at UHS-Fuller and other subsidiaries of Universal Health Services.

8. The operations of UHS-DE and the facilities it manages are tightly integrated.

9. The Chief Executive Officer and Chief Financial Officer of UHS-Fuller are employees of UHS-DE.

10. The Secretary has named UHS-DE as a Respondent on previous OSHA Citations against facilities managed by UHS-DE, given the tight integration of the operations of UHS-DE and its subsidiaries, the common ownership by Universal Health Services, and the fact that employees of UHS-Fuller and UHS-DE work together at common hospital worksites.

11. On June 12, 2019, OSHA opened an inspection of the working conditions at Fuller Hospital. Ex. C, ¶ 3.

### The Subpoena

12. On September 27, 2019, OSHA served the Subpoena on Respondents as part of the inspection. Ex. C, ¶ 6.

13. The Subpoena requests business documents for the period of June 12, 2019 through the present, including, inter alia:

   a. Video surveillance footage depicting the incidents of workplace violence and/or patient aggression that resulted in employee injuries;
   b. Hospital debriefing forms completed following incidents of workplace violence and/or patient aggression against staff and debriefing forms completed following restraints;
   c. Documents concerning specific incidents of workplace violence or patient aggression at Fuller Hospital;
   d. Workplace violence prevention programs in effect at the Fuller Hospital;
   e. Documents concerning Fuller Hospital's committees, workgroups, meetings, and/or audits relating to patient aggression and/or workplace violence;
   f. Respondents' analyses of incidents of workplace violence or patient aggression against staff; and

      g.   Documents concerning UHS-DE's committees, workgroups, meetings, statements, policies, programs, protocols, and/or involving patient aggression and/or workplace violence.

Ex. 1 to Ex. B at 5-8.

14.    The Subpoena asked Respondents to appear and produce the requested documents on October 8, 2019 at the OSHA Boston South Area Office in Braintree, Massachusetts.  Ex. B, ¶ 4.

### Respondents Failed to Comply with the Subpoena

15.    Respondents did not appear as required on October 8, 2019 and did not produce the requested business documents.  Id. ¶ 5.

16.    Respondents failed to inform OSHA whether they intended to comply with the Subpoena.

17.    Instead, on October 8, 2019, Respondent UHS-DE file a motion to quash the Subpoena in the United States District Court for the Eastern District of Pennsylvania.  Ex D.

18.    On October 11, 2019, UHS-Fuller moved to join UHS-DE's motion to quash and on October 15, 2019, filed a slightly revised version of the same motion.  See Ex. E.

19.    On October 21, 2019, the Secretary opposed the motion to quash and cross-moved to dismiss on the ground that the Court did not have subject matter jurisdiction to consider an administrative subpoena prior to the Secretary seeking to enforce that subpoena.  Ex. F.

20.    On October 28, 2019, Respondents filed a Reply.  Ex. G.

21.    The Eastern District of Pennsylvania District Court scheduled oral argument regarding Respondents' motion to quash and the Secretary's cross-motion to dismiss for January 9, 2020.  Ex. H.

22.     OSHA requested the documents in the Subpoena as part of its investigation of the allegations of workplace violence and the working conditions at Respondents' behavioral health facility, Fuller Hospital.  Ex. B, ¶ 6.

**The Secretary is Concerned that Highly Relevant Evidence will be Destroyed**

23.     The Secretary is particularly concerned about his inability to date to obtain the video surveillance footage requested in the Subpoena (Request No. 5) because it appears that Respondents failed to take steps to preserve such footage and instead allowed the requested footage to be overwritten or lost with the result that such footage is no longer available for a portion of the OSHA inspection period.  See Ex. C, ¶¶ 9-11; Ex. 3 to Ex. C; Ex. I at 1.

24.     Furthermore, in other matters involving Respondent UHS-DE, video surveillance footage of incidents of workplace violence and/or patient aggression that resulted in employee injuries has been destroyed and/or lost, despite service of subpoenas and discovery requests.  Ex. C, ¶ 9.

25.     Respondent's UHS-DE's failure to take appropriate measures to preserve responsive video footage was previously the subject of a spoliation motion, filed on March 29, 2019, in another OSHA workplace violence litigation involving another UHS-DE facility.  Ex. J.

26.     Prior to the filing of the spoliation motion in that matter, the Occupational Safety and Health Review Commission Administrative Law Judge issued two orders, dated December 4 and December 14, 2018, ordering Respondents to produce video footage from their surveillance cameras showing acts of workplace violence occurring at the hospital and to identify all responsive videos that previously existed, but were destroyed.  Ex. K at 5-12 and Ex. L at 20.

27.     Furthermore, Respondents have also allowed video footage to be overwritten and lost in an ongoing OSHA workplace violence litigation, which involves another UHS-DE facility

in Massachusetts, Arbour Hospital, <u>Secretary of Labor v. The Arbour Hospital, Inc./UHS of Delaware, Inc.</u>, Occupational Safety and Health Review Commission Docket No. 18-1116, OSHA Inspection No. 1283322 (the "Arbour Hospital matter").

28. In the Arbour Hospital matter, despite the issuance of an OSHA subpoena and multiple written discovery requests for such footage, the video footage has apparently been automatically overwritten and destroyed.

## **Conclusion**

29. As of the date of this Petition, OSHA still has not received documents in response to the Subpoena.

30. Under Section 9(c) of the OSH Act, 29 U.S.C. § 658(c), the deadline for OSHA to issue any citations to Respondents based on Inspection No. 1408076 is December 11, 2019. Ex. C, ¶ 11.

31. The conduct of Respondents, as set forth above, constitutes a failure to honor the Subpoena issued and served on behalf of the Secretary.

WHEREFORE, the Secretary respectfully requests that this Court:

1.      Issue an order directing Respondents UHS of Fuller, Inc. and UHS of Delaware, Inc. to appear, at a time and place to be fixed by the Court, before a duly appointed official of OSHA, and to produce at that time all remaining items and documents listed and described in the Subpoena, or show cause, if any it has, why it should not comply with and obey the Subpoena in each and every requirement thereof;

2.      Issue an order directing the Respondents to pay all costs and expenses incurred by the Secretary with respect to the instant Petition; and

3.      Order any other relief as necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

*/s/Robin Ackerman*
Robin Ackerman
Senior Trial Attorney
Massachusetts BBO No. 670050

Rachel A. Culley
Trial Attorney
Massachusetts BBO No. 681718

U.S. Department of Labor
Attorneys for Petitioner

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, MA 02203

Telephone: (617) 565-2500
Facsimile: (617) 565-2142
Ackerman.Robin@dol.gov
Culley.Rachel.A@dol.gov

Date: December 10, 2019