UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
**EUGENE SCALIA, Secretary of Labor,**  )
**United States Department of Labor,**     )
                                                    )
           **Petitioner,**                      )      **Misc. Action No.**
                                                    )      **19-91541-FDS**
      **v.**                                             )
                                                    )
**UHS OF FULLER, INC. and UHS OF**  )
**DELAWARE, INC.,**                         )
                                                    )
          **Respondents.**                   )
_____)

## MEMORANDUM AND ORDER ON RESPONDENTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

**SAYLOR, C.J.**

This is an action by the Secretary of Labor to enforce a subpoena. The subpoena was issued by the Department of Labor's Occupational Safety and Health Administration ("OSHA") as part of an inspection into workplace conditions at a hospital operated by respondents UHS of Delaware, Inc. ("UHS Delaware") and UHS of Fuller, Inc. ("UHS Fuller").

UHS Delaware and UHS Fuller have moved to dismiss this action, or, in the alternative, to transfer it to the United States District Court for the Eastern District of Pennsylvania. They contend that the action should be dismissed because the subpoena is moot. In the alternative, they say it should be consolidated with a related case in the Eastern District of Pennsylvania.

For the reasons set forth below, the motion will be denied.

**I.**    **Background**

      **A.**    **Factual Background**

The facts are set forth as alleged in the petition.

UHS Delaware is a subsidiary of Universal Health Services.  (Pet. ¶ 5).  It provides administrative support services to hospitals and other facilities that are operated by Universal Health Services and its subsidiaries.  (*Id.* ¶ 7).

UHS Fuller is a behavioral health services company.  (*Id.* ¶ 3).  It operates Fuller Hospital, which is located in Attleboro, Massachusetts.  (*Id.*).  UHS Fuller is a subsidiary of UHS Delaware.  (*Id.* ¶ 4).

On May 3, 2019, OSHA received a complaint about working conditions at UHS Fuller.  (*Id.* ¶ 2).  According to that complaint, employees at UHS Fuller had been exposed to workplace violence, including assaults by patients.  (*Id.*).

On June 12, 2019, OSHA opened an inspection of working conditions at UHS Fuller.  (*Id.* ¶ 11).

On September 27, 2019, and as part of that inspection, OSHA served a subpoena on UHS Delaware and UHS Fuller.  (*Id.* ¶ 12).  That subpoena requested documents, including, among other things, "[v]ideo surveillance footage depicting the incidents of workplace violence and/or patient aggression that resulted in employee injuries"; hospital debriefing forms about those incidents; and "[w]orkplace prevention programs in affect [sic] at the Fuller Hospital."  (*Id.* ¶ 13).  It also requested that UHS Fuller and UHS Delaware appear and produce the requested documents on October 8, 2019, at the OSHA office for south Boston.  (*Id.* ¶ 14).

On October 8, 2019, UHS Delaware and UHS Fuller did not appear as requested at the OSHA office and did not produce the documents sought by the subpoena.  (*Id.* ¶ 15).

B.      **Procedural Background**

On that same day, UHS Delaware filed a motion to quash the subpoena in the United States District Court for the Eastern District of Pennsylvania ("Eastern District").  (*Id.* ¶ 17).  On October 11, 2019, UHS Fuller joined the motion.  (*See id.* ¶ 18).

On October 21, 2019, the Secretary opposed the motion to quash and cross-moved to dismiss on the ground that the court did not have subject-matter jurisdiction to consider an administrative subpoena prior to the Secretary seeking to enforce it. (*Id.* ¶ 19).

The parties briefed both motions, and the Eastern District scheduled oral argument on both for January 9, 2020. (*Id.* ¶ 21). That oral argument was later re-scheduled for January 23, 2020. (*See* E.D. Pa. Transfer Order (Docket No. 19-1)).

Meanwhile, on December 10, 2019, the Secretary filed this action. The petition alleges that UHS Delaware and UHS Fuller have failed to provide any documents in response to the subpoena. It further alleges that UHS Delaware and UHS Fuller may not preserve the video-surveillance footage requested by the subpoena, which may result in the destruction of that footage. It seeks a court order to enforce the subpoena under 29 U.S.C. § 657(b).

On December 17, 2019, UHS Delaware and UHS Fuller moved to dismiss the petition for failure to state a claim upon which relief can be granted or, in the alternative, transfer this action to the Eastern District.

On January 21, 2020, the Eastern District transferred the motion-to-quash action to this court. (E.D. Pa. Transfer Order).

## II.     Rule 12(b)(1) Motion to Dismiss

Respondents contend that the petition must be dismissed as moot. Because mootness is an issue of justiciability, the Court will construe this as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

On a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(1), "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)). When ruling on a 12(b)(1) motion, a court "must credit the

plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

It is undisputed that this action arises under the Court's federal-question jurisdiction because a federal statute provides the cause of action. *See* 29 U.S.C. § 657(b).

Nevertheless, respondents contend that this action must be dismissed as nonjusticiable because the Secretary's petition is moot. Specifically, they contend that the Secretary cannot issue any citation for the events covered by the subpoena because the statutory limitations period has expired. Because the subpoena cannot be used to issue a citation, they say, this action to enforce it is now moot.

The relevant statute, 29 U.S.C. § 658, authorizes the Secretary (and OSHA) to issue citations for workplace safety and health violations by employers. Section 658(c) sets a six-month limitations period on that authority. Specifically, it provides that "[n]o citation may be issued under this section after the expiration of six months following the occurrence of any violation." 29 U.S.C. § 658(c).

Here, the parties agree that the limitations period for citations expired on December 11, 2019, which was six months after OSHA opened its investigation. (Petition ¶ 30; Resps. Mem. at 5).[1] They also agree that OSHA has already issued a citation to respondents as a result of that investigation. (*See* Resps. Mem. at 5; Pet. Opp. at 3).

The question is whether the subpoena is now moot because the Secretary apparently cannot issue further citations for any violations uncovered by it. But even if that is true, the

---

[1] While the parties agree that the limitations period expired on December 11, 2019, it is possible that it expired earlier. Under § 658(c), the limitations period begins to run upon "the occurrence of any violation"—not upon the opening of an inspection—and OSHA received the initial complaint on May 3, 2019. Thus, the limitations period may have expired on November 2, 2019.

4

documents sought by the subpoena may have other valid uses.  The Secretary may subpoena documents and witnesses as part of any investigation or inspection "to carry out the purposes" of the Occupational Safety and Health Act.  29 U.S.C. § 657.  One possible outcome of such investigations or inspections is a citation.  *See* 29 U.S.C. § 658.  But there are other possible consequences.  For example, the Secretary may "compile, analyze, and publish" reports and information obtained by inspection or investigation; "prescribe such rules and regulations as he may deem necessary"; or pursue injunctive relief in federal district court.  *See* 29 U.S.C. §§ 657 (g)(1), 657(g)(2), 662.

Because documents obtained by the subpoena have other valid uses, not simply the issuance of a citation, it is not moot.  Federal courts have repeatedly held "that the commencement of civil proceedings does not terminate an administrative agency's investigative authority nor moot its administrative subpoena."  *NLRB v. Bacchi*, 2004 WL 2290736, at *4 (E.D.N.Y. June 16, 2004); *see In re McVane*, 44 F.3d 1127, 1141 (2d Cir. 1995); *Resolution Tr. Corp. v. Walde*, 18 F.3d 943, 950 (D.C. Cir. 1994).  Furthermore, at least one court has specifically held that because the Secretary of Labor has "broad statutory authorization" to issue administrative subpoenas, they are not mooted by "a supervening civil proceeding."  *Reich v. Hercules, Inc.*, 857 F. Supp. 367, 369 (D.N.J. 1994).  While respondents contend that the subpoena here was mooted by a limitations period, it is not clear why the result should be any different.  In both cases, the Secretary may be unable to take further action in a specific case, but that "in no way affects the continued vitality of the [] subpoena" because he may still use it for other authorized purposes.  *Cf. Walde*, 18 F.3d at 950 (internal quotations omitted).[2]

---

[2] Respondents contend that the Occupational Safety and Health Review Commission now has exclusive jurisdiction over the citation already issued against them and any resulting penalties.  *See Sturm, Ruger & Co. v.*

5

Accordingly, respondents' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be denied.

### III.    Motion to Transfer Under 28 U.S.C. § 1404(a)

In the alternative, respondents contend that the action should be transferred to the Eastern District.

A defendant seeking transfer has the burden to show that it is warranted under 28 U.S.C. § 1404(a). A court considering a motion to transfer should ascribe "great weight" to a plaintiff's choice of forum. *Fairview Mach. & Tool Co. v. Oakbrook Int'l, Inc.*, 56 F. Supp. 2d 134, 141 (D. Mass. 1999) (quoting *Brookfield Mach., Inc. v. Calbrit Design*, 929 F. Supp. 491, 501 (D. Mass. 1996)). "Other factors to consider include the convenience of the parties and witnesses, the availability of documents and the interests of justice." *Id.*

It is hard to say exactly how much deference should be given to the Secretary's choice of forum. The Secretary is, of course, the petitioner in *this* action. But the respondents here pursued a motion to quash this same subpoena, which they filed *before* this action and in a different venue—the Eastern District.

In any event, it appears that transfer is not appropriate here for other reasons. Respondents' primary basis for their motion to transfer is that at the time their motion was filed, there was related litigation pending—the motion to quash this subpoena—in the Eastern District. However, that case has since been transferred to this court. (*See* E.D. Pa. Transfer Order). Furthermore, while some of the documents at issue may be located in Pennsylvania, (Barret Aff. (Docket No. 6-2) ¶ 10), the focus of the Secretary's action to enforce the subpoena is the video-

---

*OSHA*, 186 F.3d 63, 63 (1st Cir. 1999). Even if that is true, the Secretary's subpoena can still serve other purposes other than the issuance of a citation, as set forth above.

surveillance footage, which appears to be located at Fuller Hospital in Massachusetts, (Pet. Mem. 7; *see* Pet., Ex. I). Finally, it does not seem that it will be significantly less convenient for respondents to litigate this case in Massachusetts, rather than in Pennsylvania, as they both operate a facility here and their counsel are based in Atlanta, Boston, and Washington, D.C.

Accordingly, respondents' motion to transfer will be denied.

## IV. Conclusion

For the foregoing reasons, the motion of respondents UHS of Fuller, Inc. and UHS of Delaware, Inc. to dismiss or, in the alternative, to transfer is DENIED.

**So Ordered.**

Dated: January 30, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court